

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11
12
13
14
15
16
17

FERNANDO LEON,                                    )          Case No. CV 14-08559-JEM
                                                  )
                          Plaintiff,              )
                                                  )
            v.                                    )          MEMORANDUM OPINION AND
                                                  )          ORDER AFFIRMING DECISION OF
CAROLYN W. COLVIN,                                )          THE COMMISSIONER OF SOCIAL
Acting Commissioner of Social Security,           )          SECURITY
                                                  )
                          Defendant.              )
_____          )

18

**PROCEEDINGS**

19          On November 7, 2014, Fernando Leon ("Plaintiff" or "Claimant") filed a complaint

20    seeking review of the decision by the Commissioner of Social Security ("Commissioner")

21    denying Plaintiff's applications for Social Security Disability Insurance benefits and

22    Supplemental Security Income ("SSI") benefits.  The Commissioner filed an Answer on

23    February 24, 2015.  On May 8, 2015, the parties filed a Joint Stipulation ("JS").  The

24    matter is now ready for decision.

25          Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

26    Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record

27    ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this

28    case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 56-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on October 28, 2008, alleging disability beginning July 25, 1997.  (AR 586.)  The Administrative Law Judge ("ALJ") determined that Plaintiff has not engaged in substantial gainful activity since July 25, 1997, the alleged onset date.  (AR 590.)

Plaintiff's claims were denied initially on January 9, 2009.  (AR 586.)  The ALJ issued an unfavorable decision on May 28, 2010.  (AR 586.)  The Appeals Council denied review on September 8, 2011.  (AR 586.)

On June 26, 2012, however, the District Court remanded the case.  (AR 586.)  Subsequently, hearings were held before ALJ David G. Marcus on October 23, 2012 and July 3, 2013.  (AR 586.)  Psychologist Edward Joseph Jasinski testified as an impartial medical expert at the October 23, 2012 hearing.  (AR 586.)  Elizabeth G. Brown-Ramos testified as an impartial vocational expert at the July 3, 2013 hearing.  (AR 586.)  Claimant testified at both hearings and was represented by counsel at both hearings.  (AR 586.)

The ALJ issued an unfavorable decision on July 30, 2013.  (AR 601.)  Plaintiff requested the Appeals Council to review the decision by written exceptions on August 29, 2013.  (AR 572-80.)  The Appeals Council denied the written exceptions on August 29, 2014.  (AR 567-671.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1.      Whether the ALJ improperly rejected the medical evidence from the examining physician.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.

Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether

the claimant has a severe impairment or combination of impairments.  <u>Parra</u>, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  <u>Smolen</u>, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  <u>Parra</u>, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  <u>Bowen</u>, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  <u>Parra</u>, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  <u>Id.</u>

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 25, 1997, the alleged onset date.  (AR 590.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease, status post left knee surgery and mood disorder not otherwise specified.  (AR 590.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 591.)

The ALJ then found that Plaintiff has the RFC to perform medium work with the following limitations:

> Claimant can lift and carry 50 pounds occasionally and 25 pounds
> frequently; stand and walk six hours in an eight hour day; sit 6 hours in
> an eight hour day; frequently bend and stoop; perform jobs involving
> no more than simple repetititve tasks; and he is able to occasionally
> interact with the general public and frequently interact with coworkers
> and supervisors.

(AR 592.)  In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here.  (AR 593.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a forklift operator, heavy equipment operator and salvage laborer.  (AR 597-98.)  The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are medium, unskilled jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of machine feeder, hand packager and rack loader.  (AR 599.)  Even if Plaintiff were limited to unskilled light jobs, he could perform the jobs of basket filler, bagger and folder, laundry, all of which are unskilled light jobs that require Level 1 or Level 2 reasoning.  (AR 600.)

1  Consequently, the ALJ found that Claimant was not disabled, within the meaning
2  of the Social Security Act.  (AR 600.)

3  ### DISCUSSION

4  The ALJ decision must be affirmed.  The ALJ properly considered the medical
5  evidence.  The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability
6  determination is supported by substantial evidence and free of legal error.

7  ### A.    Relevant Federal Law

8  The ALJ's RFC is not a medical determination but an administrative finding or
9  legal decision reserved to the Commissioner based on consideration of all the relevant
10 evidence, including medical evidence, lay witnesses, and subjective symptoms.  See
11 SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must
12 consider all relevant evidence in the record, including medical records, lay evidence, and
13 the effects of symptoms, including pain reasonably attributable to the medical condition.
14 Robbins, 446 F.3d at 883.

15 In evaluating medical opinions, the case law and regulations distinguish among
16 the opinions of three types of physicians:  (1) those who treat the claimant (treating
17 physicians); (2) those who examine but do not treat the claimant (examining physicians);
18 and (3) those who neither examine nor treat the claimant (non-examining, or consulting,
19 physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d
20 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating
21 physician's opinion because a treating physician "is employed to cure and has a greater
22 opportunity to know and observe the patient as an individual."  Magallanes v. Bowen,
23 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the
24 issues of the nature and severity of a claimant's impairments is well-supported by
25 medically acceptable clinical and laboratory diagnostic techniques, and is not
26 inconsistent with other substantial evidence in the case record, the ALJ must give it
27 "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

28

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.   Analysis**

In the May 28, 2010 ALJ decision, the ALJ found Plaintiff has the severe impairments of degenerative disc disease and status post left knee surgery. (AR 25.) The ALJ determined that Plaintiff does not have a severe mental impairment. (AR 26.) The ALJ assessed Claimant with a light work RFC with physical limitations but no mental limitations. (AR 26.)

This Court reversed and remanded for further assessment of Plaintiff's mental impairments. In the July 30, 2013 ALJ decision, the ALJ determined that Plaintiff has the severe mental impairment of mood disorder not otherwise specified. (AR 590.) The ALJ

assessed a medium work RFC that included the mental limitations of performing jobs involving no more than simple, repetitive tasks, occasional interaction with the general public and frequent interaction with coworkers and supervisors.  (AR 592.)

On mental impairments and limitations, the ALJ gave "great weight" to the testifying medical expert Dr. Jasinski.  (AR 590, 597.)  A psychologist, he concluded from the record, which consisted solely of a vocational report from psychologist Dr. Edward Dunbar in March 2009, that Plaintiff had a mood disorder not otherwise specified.  (AR 590.)  Dr. Jasinski testified at the October 23, 2012 hearing that Claimant has mild restriction of daily activities, and moderate difficulties in maintaining concentration, persistence and pace for complex and detailed tasks.  (AR 590.)  Dr. Jasinski testified that Claimant's test scores are "consistent with simple, repetitive tasks" (AR 596) and that he could perform unskilled work.  (AR 597.)

Plaintiff cites the treating physician opinion of Dr. Nynn Soe, an internist.  (AR 28, 594-595 and 955-959.)  The ALJ in the May 28, 2010 decision determined that Dr. Soe's extreme physical findings were not supported by the objective medical evidence.  (AR 28.)  The ALJ's physical findings in the May 28, 2010 decision were not challenged and have been re-adopted by the ALJ in the July 30, 2013 decision.  (AR 593.)  Plaintiff nonetheless submitted a December 5, 2012 Physical Residual Functional Capacity Questionnaire by Dr. Soe who opined Plaintiff would miss work more than three times a month.  (AR 955-959.)  The ALJ rejected this Questionnaire as no more than a restatement of the check box Medical Source Statements previously submitted and rejected.  (AR 594-595.)  The ALJ further found that Dr. Soe's Medical Source Statements are inconsistent with Claimant's workers' compensation records, the CE reports and the determination of examining physicians at USC who found Claimant needed physical therapy and strengthening exercises, not surgery as Dr. Soe had suggested.  (AR 595.)  Plaintiff acknowledges the ALJ rejected Dr. Soe's opinion but fails to address the reasons given by the ALJ for rejecting that opinion.  The ALJ

properly rejected Dr. Soe's opinion for specific, legitimate reasons supported by substantial evidence.  Lester, 81 F.3d at 830-31.

Plaintiff relies primarily on the consulting psychological examiner, Dr. Betty Borden, Ph.D.  (AR 590, 940-45.)  She stated that the Claimant has marked impairment in concentration, persistence and pace as a result of depression and memory difficulties. (AR 590.)  Dr. Borden also found that Plaintiff had no impairment in social functioning, should be able to interact with supervisors and coworkers and moderate impairment in interacting with the general public.  (AR 590.)  Dr. Borden concluded that Claimant could perform activities of daily living, could complete simple repetititve tasks and would have moderate impairment in interacting with the general public but should be able to interact with supervisors and coworkers.  (AR 597.)

The ALJ adopted some of Dr. Borden's mental functional limitations (AR 597) but not Dr. Borden's opinion that the Claimant has marked impairments in concentration, persistence and pace as a result of depression and memory difficulties.  (AR 590.)  The ALJ concluded from all the evidence that the limitation in concentration, persistence and pace should be moderate only, given Plaintiff's lack of significant mental health treatment (AR 590) and not taking medication.  (AR 593.)  The ALJ's decision to downgrade Dr. Borden's marked limitation in concentration, persistence and pace to moderate is a credibility finding.  Failure to seek treatment is a legitimate basis for an ALJ to discount credibility.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (an unexplained failure to follow a prescribed course of treatment can undermine a claimant's credibility).  Dr. Borden also found that Plaintiff could perform activities of daily living, which is another legitimate consideration in evaluating credibility.  Bunnell, 947 F.2d at 345-6.  The ALJ specifically re-adopted the credibility findings from the May 28, 2010 ALJ decision because they are not contradicted on remand.  (AR 593.)  Plaintiff does not challenge the ALJ's adverse credibility finding or even mention it.  An ALJ may discount a treating physician's opinion when it is based on subjective symptoms that have been discredited.  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (a

1    treating physician's opinion based on subjective complaints of a claimant whose

2    credibility has been discounted can be properly disregarded).  The ALJ's adverse

3    credibility findings are a proper basis for any limitations he did not accept.

4         The ALJ also noted an inconsistency in Dr. Borden's marked impairment

5    assessment in that she gave Claimant no Axis I diagnosis (AR 597, 944) and

6    nonetheless opined Plaintiff could complete simple repetitive tasks.  (AR 597, 945.)  The

7    ALJ also noted Plaintiff told nurses at USC he was feeling down and depressed in March

8    2012 (AR 597, 972) but by July and November 2012 was not feeling any mental

9    symptoms (AR 597, 977, 982), suggesting his mental impairments and limitations have

10   not been consistent for 12 months.  (AR 597.)  These variations in symptoms further

11   undermine Plaintiff's credibility.  Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir.

12   1997) (inconsistent statements regarding his subjective symptoms and his other

13   statements and conduct may be considered when evaluating credibility).

14        Plaintiff asserts that, because Dr. Borden was the only medical opinion that

15   assessed Mr. Leon's mental limitations for the relevant time period, the ALJ can reject it

16   only for clear and convincing reasons.  Lester, 81 F.3d at 830.  The ALJ did so.

17        Plaintiff disputes the ALJ's treatment of the medical evidence but it is the ALJ who

18   has the responsibility to resolve conflicts in the medical evidence and ambiguities in the

19   medical evidence.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the

20   record evidence is reasonable as it is here, it should not be second-guessed.  Rollins v.

21   Massanari, 261 F.3d 853, 857 (9th Cir. 1991).

22        The ALJ properly considered the medical evidence.  The ALJ properly discounted

23   the opinion of Dr. Borden for clear and convincing reasons supported by substantial

24   evidence.

25        The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

26   determination is supported by substantial evidence and free of legal error.

27

28

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 30, 2015

_____/s/ John E. McDermott_____
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

11